IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-3368-CV-S-RED |
| | ) | |
| WARDEN OF THE UNITED STATES | ) | |
| MEDICAL CENTER FOR FEDERAL | ) | |
| PRISONERS, UNITED STATES BUREAU | ) | |
| OF PRISONS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

NOW before the Court is the Petitioner's Motion to Proceed in Forma Pauperis (Doc. 1).Upon due consideration of the financial information provided in Plaintiff's application and the facts alleged in his Complaint, the Court finds that the Motion for Leave to Proceed *in Forma Pauperis* (Doc. 1) is **DENIED**.

*Factual Background*

Petitioner seeks to file his complaint for a Writ of Mandamus or in the Alternative for a Writ of Prohibition to issue against the warden of the United States Medical Center for Federal Prisoners and the Director of the United State Bureau of Prisons. Specifically, Petitioner seeks to compel the respondents to remove the law library and typewriters from within the Federal Medical Center in Springfield, Missouri. Petitioner states that allowing such items in the Federal Medical Center is a failure of respondents to perform a duty to the taxpayers and litigants in the district. Petitioner alleges that "jailhouse lawyers" file frivolous petitions and complaints in the court system due to their access to the law library and typewriters. Petitioner further alleges that this filing costs the taxpayers millions of dollars per year. Petitioner further states that he should provide the access

to the court for prisoners in the Federal Medical Center, as he was trained by an attorney and has access to various research materials.

*Analysis*

Under 28 U.S.C. § 1915(a)(1), a pro-se plaintiff may request that the court authorize the commencement of an action without requiring the plaintiff to pay any fees, costs, or security. However, the opportunity to proceed *in forma pauperis* is not a right, but a privilege. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). Accordingly, leave to proceed *in forma pauperis* is generally denied unless the applicant satisfies two separate requirements. *See id.* First, the applicant must be sufficiently impoverished so as to qualify by "economic status" pursuant to 28 U.S.C. § 1915(a). If the applicant qualifies by economic status, the court then determines whether the applicant's complaint is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i) (2000), fails to state a claim upon which relief may be granted, *id.* § 1915(e)(2)(B)(ii), or seeks monetary relief against a party immune from such damages, *id.* § 1915(e)(2)(B)(iii), and if so, dismisses the complaint.

Under Local Rule 83.7(a)(3), the proper standard for determining poverty is whether the applicant would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. The court is afforded sound discretion when determining whether a plaintiff is sufficiently impoverished. *See Cross v. Gen. Motors Corp.,* 721 F.2d 1152, 1157 (8th Cir. 1983).

Petitioner states that he receives $579.00 a month from Social Security, owns a 1988 Ford truck valued at less than two hundred ($200.00) dollars, with expenses per month of four hundred dollars ($400.00). Petitioner also claims he owes a debt in excess of five-thousand dollars ($5,000.00). The Court finds that Petitioner meets the poverty standard to file *in forma pauperis*.

However, demonstrating poverty does not end the inquiry. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss an action at any time if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is held to be frivolous if "it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). "An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Taylor v. United States*, No. 4:97CV2305, 1997 WL 1008226, at *1 (E.D. Mo. Dec. 18, 1997) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978)). When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2)(B), the Court must give the complaint liberal construction and must weigh all well-pleaded factual allegations in favor of the plaintiff. *Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir. 1982); *J.J. Jones Co. v. Reagan*, No. 87-0167-CV-W-9, 1987 WL 10266, at *1 (W.D. Mo. Apr. 14, 1987).

In determining whether a complaint fails to state a claim, the court must accept the allegations in the complaint as true and dismiss the case only when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir.2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court must resolve all factual conflicts in favor of the plaintiff. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir.2003). The issue is not whether a claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

For complaint to state claim upon which mandamus relief may be granted, it is imperative

3

that plaintiffs allege that federal defendants are officers of United States who owe plaintiff the performance of legal duty so plainly prescribed as to be free from doubt. 28 U.S.C. § 1361. As the writ is one of "the most potent weapons in the judicial arsenal," three conditions must be satisfied before it may issue. *Kerr v. United States Dist. Court for Northern Dist. of Cal.,* 426 U.S. 394, 403, (1976). First, "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires,"-a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process, *Fahey, supra,* at 260. Second, the petitioner must satisfy " 'the burden of showing that [his] right to issuance of the writ is "clear and indisputable." ' " *Kerr, supra,* at 403. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. *Kerr, supra,* at 403, (citing *Schlagenhauf v. Holder,* 379 U.S. 104, 112, n. 8, (1964)); *see also Cheney v. United States Dist. Court for Dist. of Columbia*, 124 S.Ct. 2576, 2587 (U.S. Dist. Col. 2004). In short, mandamus may issue against officer of United States only when plaintiff has clear right to relief, defendant has clear duty to perform act in question, and plaintiff has no adequate alternative remedy. 28 U.S.C. § 1361; *Longie v. Spirit Lake Tribe*, 400 F.3d 586 (8th Cir. 2005).

The facts as alleged by Petitioner do not demonstrate a clear right to relief, or a clear duty by Respondents. Thus, Petitioner has failed to state a claim and the Motion to proceed in forma pauperis is due to be denied. Petitioner has not demonstrated what, if any duty to himself or "all citizen taxpayers in the United States and in the Western District of Missouri" the Respondents owe. Moreover, Petitioner has not demonstrated how the inclusion of a law library and typewriters in the Federal Medical Center violates this duty. Petitioner appears to argue that the decision to allow a law library in the Federal Medical Center in Springfield, Missouri, rather than having him provide

4

a legal assistance service to the prisoners is a violation of a duty and he is entitled to legal redress. The Court can not construe how these facts, even if accepted as true, meet the elements for a writ of mandamus, prohibition, or any other cause of action.

*Conclusion*

For the reasons stated above, Petitioner's Motion to Proceed in Forma Pauperis (Doc. 1) is hereby **DENIED**.

It is **FURTHER ORDERED** that copies of this Order shall be mailed via first-class, postage prepaid mail, and by certified mail, return receipt requested, to:

> Michael Hunter
> 1509 45th Street, S.E.
> P O Box 4000
> Everett, WA 98203

**IT IS SO ORDERED**.

DATE:   August 31, 2005         */s/ Richard E. Dorr*
                                RICHARD E. DORR, JUDGE
                                UNITED STATES DISTRICT COURT